IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>     vs.<br><br>JOHN POHLMAN,<br><br>              Defendant. | **4:23CR3090**<br><br><br>**FINDINGS, RECOMMENDATION<br>AND ORDER** |

Defendant has filed a motion to dismiss the indictment as violating his rights under the Second Amendment. (Filing No. 23). The undersigned magistrate judge finds Defendant's motion should be denied.

ANALYSIS

Count II of the indictment against Defendant alleges:

> On or about February 6, 2023, in the District of Nebraska, Defendant JOHN POHLMAN, knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year, to wit: Possession with Intent to Distribute Methamphetamine and two counts of Use or Carry a Firearm and Ammunition During Any Drug Trafficking Crime on May 21, 2009, in the Federal District Court for Nebraska, at Case No. 4:08CR3165; and Possession of a Controlled Substance on April 6, 2021, in the District Court for Richardson County, Nebraska, at Case No. CR20-69; did knowingly possess ammunition, that is, rounds of 9 mm Luger ammunition, said ammunition having been shipped and transported in interstate commerce,
> in violation of Title 18, United States Code, Sections 922(g)(l) and 924(a)(8).

(Filing No. 1).

Citing New York State Rifle & Pistol Assn. v. Bruen, 142 S. Ct. 2111 (2022), Defendant moves to dismiss on constitutional grounds, arguing that 18 U.S.C. 922 (g)(1) is facially unconstitutional and unconstitutional as applied to him. Defendant moves the court to dismiss the indictment.

The Eighth Circuit addressed the constitutionality of 18 U.S.C. 922 (g)(1) in United States v. Jackson, 69 F.4th 495 (8th Cir. 2023). The defendant in Jackson had a previous felony conviction for selling a controlled substance and was charged with being a felon in possession of a firearm. He argued the felon-in-possession statute, § 922(g)(1), is unconstitutional on its face and as applied to him. Id. at 499. The Eighth Circuit disagreed.

Relying on Bruen and District of Columbia v. Heller, 554 U.S. 570 (2008), Jackson upheld the "longstanding prohibitions on the possession of firearms by felons." Jackson, 69 F.4th at 502. While the defendant in Jackson argued that his prior drug felony indicated no propensity for violence, and there was no showing that he was more dangerous than a typical law-abiding citizen, Jackson rejected any need for "felony-by-felony litigation regarding the constitutionality of § 922(g)(1)." Id. "[H]istory supports the authority of Congress to prohibit possession of firearms by persons who have demonstrated disrespect for legal norms of society." Id. at 504.

> [L]egislatures traditionally employed status-based restrictions to disqualify categories of persons from possessing firearms. Whether those actions are best characterized as restrictions on persons who deviated from legal norms or persons who presented an unacceptable risk of dangerousness, Congress acted within the historical tradition when it enacted § 922(g)(1) and the prohibition on possession of firearms by felons. Consistent with the Supreme Court's assurances that recent decisions on the Second Amendment cast no doubt on the constitutionality of laws prohibiting the possession of firearms by felons, we conclude that the statute is constitutional as applied to Jackson.

> Jackson, 69 F.4th at 505–06.

2

Like the defendant in <u>Jackson</u>, Pohlman has a prior felony record, (Filing No. 30-2), and he is charged with violating 18 U.S.C. § 922(g)(1). Under <u>Jackson</u>, the statute is not unconstitutional either on its face or as applied to the charges pending against Pohlman.

IT THEREFORE HEREBY IS RECOMMENDED to the Honorable John M. Gerrard, Senior United States District Judge, pursuant to 28 U.S.C. § 636(b), that Defendant's motion to dismiss, (Filing No. 23), be denied.

The defendant is notified that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

IT IS ORDERED that Defendant's anticipated Change of Plea hearing is rescheduled, and it will be held before Magistrate Judge Zwart on **December 6, 2023, at 3:00 p.m.**, in Courtroom No. 2, United States Courthouse and Federal Building, 100 Centennial Mall North, Lincoln, Nebraska.

Dated this 8th day of November, 2023.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

3